## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

TERA B. LAU,

               Plaintiff,

v.                                          Case No:   6:22-cv-1952-PGB-LHP

LINDA FARMER and VOLUSIA
COUNTY SHERIFF'S OFFICE,

               Defendants

_____

### REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following

motion filed herein:

> **MOTION:**  **MOTION TO PROCEED *IN FORMA PAUPERIS* (Doc. No. 2)**
>
> **FILED:**      **November 3, 2022**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **STRICKEN,** and the complaint be **DISMISSED without prejudice**.

## I.    BACKGROUND.

On November 3, 2022, Plaintiff Tera B. Lau, appearing *pro se*, instituted this

action by filing a Complaint for Violation of Civil Rights against Defendants Linda

Farmer and the Volusia County Sheriff's Office.   Doc. No. 1.[1]   Plaintiff purports to allege a claim under 42 U.S.C. § 1983 against Defendants for violation of the Fourteenth Amendment "and other federal and state laws."   *Id.* at 3.   In sum, Plaintiff alleges that Defendant Linda Farmer withheld her children from her and refused to give them to her on October 16, 2022.   *Id.* at 4, 7.   It is unclear from the complaint who Defendant Linda Farmer is, and in what capacity she allegedly withheld Plaintiff's children.   *See id.*   Farmer thereafter refused to provide documents to Plaintiff "where she signed waiver claiming to be their parent/guardian and releasing all rights to both children in the event of injury or death."   *Id.* at 7.   As to Defendant Volusia County Sheriff's Office, Plaintiff alleges that it "denied [her] the right to [her] children and refused to remove [her] children from [Farmer's] possession."   *Id.*   Plaintiff appears to seek declaratory relief.   *Id.* at 5.

With the complaint, Plaintiff has filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2), which has been construed as a motion for leave to proceed *in forma pauperis*.   The motion for leave to *proceed in forma pauperis* has been referred to the undersigned, and the matter is ripe for review.

---

[1] Plaintiff has filed two other cases which appear related to this one: Case Nos. 6:22-cv-2000-CEM-LHP and 6:22-cv-2027-PGB-LHP.

## II.      STANDARD OF REVIEW.

The Court must conduct a two-step inquiry when a plaintiff files a complaint and seeks leave to proceed *in forma pauperis*.   First, the Court must evaluate the plaintiff's financial status and determine whether he or she is eligible to proceed *in forma pauperis*.   28 U.S.C. § 1915(a)(1).   Second, the Court must review the complaint pursuant to § 1915(e)(2) and dismiss the complaint if the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief.   *Id*. § 1915(e)(2)(B)(i)–(iii).[2]   A complaint is frivolous within the meaning of § 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Ashcroft v. Iqbal*, 556 U.S. 662, 678

---

[2] The statute governing proceedings i*n forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. § 1915, but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis*.   *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

(2009) (citation omitted).   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."   *Id.*

A *pro se* complaint should be construed leniently, but a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action."   *GJR Invs. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662.   Moreover, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."   *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

## III.   ANALYSIS.

As an initial matter, on review of Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2), the filing contains information that should have been redacted pursuant to Fed. R. Civ. P. 5.2(a)(3) (minors full names).   Doc. No. 2, at 2. Accordingly, the filing is due to be stricken.   Moreover, based on the information contained in the filing, it is not clear that Plaintiff would qualify for pauper status. In particular, although Plaintiff alleges no monthly income besides child support, she also states that she has $1,900.00 in a checking or savings account.   Doc. No. 2, at 1–2.   *See also Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (the plaintiff must establish that "because of [her] poverty, [she] is unable to pay for

the court fees and costs, and to support and provide necessities for himself and his dependents.").

Given the recommendation made herein that the complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2), with leave to amend, and because Plaintiff did not submit an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), the undersigned will further recommend that Plaintiff be permitted leave to file a renewed motion to proceed *in forma pauperis* along with an amended complaint, by completing an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) that complies with Rule 5.2(a)(3). *Cf. Cole v. Williams*, No. 3:22-cv-440-MMH-JBT, 2022 WL 1212788, at *1 & n.3 (M.D. Fla. Apr. 25, 2022) (conducting review under § 1915 even absent a motion to proceed *in forma pauperis*, and assuming that the plaintiff intended to proceed as a pauper).

The sole legal basis for Plaintiff's complaint is 42 U.S.C. § 1983.   Doc. No. 1. "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law."   *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted).   "More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983."   *Hannah v. Union Corr. Inst.*, No. 3:12-cv-436-J-20JBT, 2012 WL 1413163, at *1 (M.D. Fla. Apr. 23, 2012) (citing *L.S.T., Inc., v. Crow*, 49 F.3d 679, 684

(11th Cir. 1995) (per curiam); *Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984)).   "[I]n the absence of a federal constitutional deprivation or violation of a federal right, Plaintiff cannot sustain a cause of action against the Defendant under 42 U.S.C. § 1983."   *Id.*

Here, Plaintiff's complaint is insufficient to state a § 1983 claim against either Defendant.   As to Defendant Linda Farmer, Plaintiff does not identify who Defendant Farmer is, or in what capacity she allegedly withheld Plaintiff's children. *See* Doc. No. 1.   Thus, Plaintiff has not established that Defendant Farmer is a state actor within the meaning of § 1983.   *See Luzier v. Bull*, No. 6:06-cv-444-Orl-19JGG, 2006 WL 1000322, at *1 (M.D. Fla. Apr. 13, 2006) ("Since Defendant was not a state actor, Plaintiff has not satisfied the first element of the § 1983 analysis, and this case must be dismissed for failure to state a claim.").   Moreover, Plaintiff does not identify a federal constitutional violation or other federal right violated by Defendant Farmer's actions, and at most, has alleged a state law claim.   *See* Doc. No. 1.   Accordingly, Plaintiff's complaint is insufficient to state a claim against Defendant Farmer.   *Cf. Wray v. Dep't of Child. & Fam. Servs.*, No. 1:17-CV-263-MW-GRJ, 2017 WL 6993036, at *2 (N.D. Fla. Dec. 13, 2017), *report and recommendation adopted*, 2018 WL 476162 (N.D. Fla. Jan. 17, 2018) (complaint alleging solely state tort claims related to ongoing state child custody proceedings insufficient to state a claim under § 1983 for failure to allege facts suggesting that any defendant violated

the plaintiff's federal constitutional rights).   *See also Thomas v. Salema*, No. 2:21-cv-166-SPC-MRM, 2021 WL 808945, at *1 (M.D. Fla. Mar. 3, 2021) (denying motion to proceed *in forma pauperis* and dismissing § 1983 complaint where the factual allegations of the complaint "d[id] not support an inference that any Defendant deprived him of a federally protected right" nor did the plaintiff even identify a federal right he believed defendants denied him).

Likewise, Plaintiff has not stated a claim against the Volusia County Sheriff's Office.   *See* Doc. No. 1.   Indeed, "Sheriff's departments and police departments are not usually considered legal entities subject to suit."   *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).   *See also Acker v. City of Jacksonville*, No. 3:10-cv-984-J-34TEM, 2010 WL 4259356, at *1 (M.D. Fla. Oct. 25, 2010) ("The Jacksonville Sheriff's Office is not a proper party to the lawsuit because, under Florida law, the Sheriff's department is not a legal entity that can be sued.").   Accordingly, the complaint is due to be dismissed against the Volusia County Sheriff's Office.   *See Acker*, 2010 WL 4259356, at *1.[3]

---

[3] Even if a proper Defendant, Plaintiff makes only one conclusory assertion against the Volusia County Sheriff's Office in the complaint, in that the Volusia County Sheriff's Office allegedly refused to remove Plaintiff's children from Defendant Farmer's possession.   *See* Doc. No. 1, at 7.   Thus, Plaintiff also does not adequately allege that the Volusia County Sheriff's Office deprived her of a federally protected right.   *See id.   See also Gardner v. Hastings*, No. 8:09-CIV-1994-T-17TG, 2009 WL 3563024, at *2 (M.D. Fla. Oct. 30, 2009) (dismissing § 1983 claim against sheriff's office for failure to state a claim because the plaintiff did not allege any facts demonstrating that the sheriff's office was "liable for any alleged wrongdoing").

For these reasons, Plaintiff's complaint is due to be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B). Ordinarily, a *pro se* party should be given one opportunity to file an amended complaint. *See Sifford v. Ford*, 701 F. App'x 794, 796 (11th Cir. 2017) ("Generally, a district court must *sua sponte* provide a *pro se* plaintiff at least one opportunity to amend his complaint, even where the plaintiff did not request leave to amend." (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002))). It is at least possible that Plaintiff could file a complaint stating a claim upon which relief could be granted. Therefore, I will respectfully recommend that Plaintiff be given one opportunity to file an amended complaint that states a claim within the Court's jurisdiction. Alternatively, of course, Plaintiff may file a complaint in the appropriate state court.

Should Plaintiff refile a complaint in this Court, the amended complaint must comply with the federal pleading requirements. *See* Fed. R. Civ. P. 8(a); Fed. R. Civ. P. 10. In an amended complaint, Plaintiff must clearly allege the legal basis of the cause of action, whether a constitutional provision, treaty, statute, or common law. Plaintiff must name as Defendants those persons who are responsible for the alleged violations. She must allege in the body of the complaint, under a section entitled "Statement of Facts," how each named Defendant participated in the activity that allegedly violated her rights. Plaintiff must allege some causal

connection between each Defendant named and the injury she allegedly sustained. One generally cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he or she participated in the deprivation of a person's rights or directed such action and/or omission that resulted in such deprivation. Finally, Plaintiff must allege specifically harm or injury by the actions and/or omissions of the Defendant(s).

Because Plaintiff is currently proceeding without a lawyer, the undersigned directs her attention to the Court's website, http://www.flmd.uscourts.gov.   On the Court's homepage, Plaintiff can find basic information and resources for parties who are proceeding without a lawyer in a civil case by clicking on the "For Litigants" tab and then clicking on "Litigants without Lawyers."

## IV.    RECOMMENDATION.

For the reasons discussed herein, it is respectfully **RECOMMENDED** that the Court:

1.    **STRIKE** the motion to proceed *in forma pauperis* (Doc. No. 2);

2.    **DISMISS** the complaint without prejudice (Doc. No. 1); and

3.    **PERMIT** Plaintiff to file an amended complaint, within a time established by the Court, along with a renewed motion to proceed *in forma*

*pauperis*, by completing an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).[4]

## **NOTICE TO PARTIES**

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.  Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   11th Cir. R. 3-1.

Recommended in Orlando, Florida on February 9, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[4] The Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) is available on the Court's website, https://www.flmd.uscourts.gov, by selecting "For Litigants," and "Litigants Without Lawyers," and then selecting "Forms."